UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEX E. WETZEL,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC and VERIZON WIRELESS SERVICES, LLC,<br><br>    Defendants. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALEX E. WETZEL (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and VERIZON WIRELESS SERVICES, LLC (hereinafter "Verizon") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a natural person and resident of Adams County in the State of Nebraska. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Verizon is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14. Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Verizon furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to Verizon, partial account number 589940*, as to a cell phone (hereinafter "Verizon Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Verizon Account.

17. Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

18. On or about August 13, 2024, Plaintiff submitted an application to rent a garage which would be used for his business.

19. However, to his surprise, Plaintiff's application was denied following a background check that revealed a past due balance of $5,000 owed o Verizon.

20. Shortly thereafter, Plaintiff contacted Verizon to dispute the Verizon Account.

21. Further, on or about August 13, 2024, Plaintiff filed a police report with the Hastings Police Department regarding the fraud and identity theft.

22. On or about August 15, 2024, Plaintiff obtained copies of his credit report from Equifax. Upon review, Plaintiff observed inaccurate personal identifying information, and the erroneous Verizon Account, which was reported with a status of closed/collection and balance of $4,483.

23. On or about September 4, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176230252. In this report, he explained that he was a victim of identity theft and that the Verizon Account listed in his credit report did not belong to him.

24. Due to the inaccurate reporting, on or about September 16, 2024, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that he was a victim of identity theft, that inaccurate personal identifying information was appearing in his credit file, and that the Verizon Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of the police report filed with the Hastings Police Department, and other supporting documents.

25. On or about September 28, 2024, Plaintiff received a response from Equifax which stated it would not be blocking the requested information.

26. On or about October 8, 2024, Plaintiff received dispute results from Equifax which stated the Verizon Account was verified as accurate.

27. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

28. Equifax never attempted to contact Plaintiff during the alleged investigation.

29. Upon information and belief, Equifax notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30. Due to the continued inaccurate reporting, on or about October 30, 2024, Plaintiff mailed a second detailed dispute letter to Equifax. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated that he was a victim of identity theft, that inaccurate personal identifying information was appearing in his credit file, and that the Verizon Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of the police report filed with the Hastings Police Department, and other supporting documents.

31. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail tracking number 7022 1670 0001 4664 2158.

32. As of the filing of this Complaint, Plaintiff has not received any dispute results from Equifax regarding his second detailed dispute letter.

33. Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax continues to inaccurately report the erroneous Verizon Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

34. Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

35. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

36. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

7

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    v.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

37.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

40. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

41. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

42. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

43. Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Hastings Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

44. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49. Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

50. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53. Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Hastings Police Department and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

54. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

56. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

57. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

58. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

59. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Verizon.

60. Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

61. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

64. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

65. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

66. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Verizon.

67. Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

68. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

69. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Negligent)

71. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

15

72. Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

73. After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

74. Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

75. Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

76. Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

77. As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

78. The conduct, action, and inaction of Verizon was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual damages against Defendant, VERIZON WIRELESS SERVICES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Verizon Wireless Services, LLC (Willful)

80. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-six (36) above as if fully stated herein.

81. Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

82. After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

83. Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

84. Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

85. Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

86. As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

87. The conduct, action, and inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88. Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALEX E. WETZEL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and VERIZON WIRELESS SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

20